IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,060-01






EX PARTE ROBBIE LYNN NEWBY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 17,591-2003 IN THE 402ND DISTRICT COURT 

WOOD COUNTY




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted of the offense of possession of marihuana, and punishment,
enhanced by a prior felony conviction, was assessed at ten years' confinement. Applicant's
conviction was affirmed on appeal. Newby v. State, No. 04-06-00061-CR (Tex.
App.--Texarkana, delivered, July 8, 2005, no pet.).

 Applicant contends that appellate counsel was ineffective for failing to inform
Applicant that his conviction had been affirmed and that he was entitled to file a pro se
petition for discretionary review (PDR).

 The trial court concluded "that there are no controverted, previously unresolved facts
material to the legality of [Applicant's] confinement." However, we disagree. Applicant has
stated facts requiring resolution. Because this Court cannot hear evidence, it is necessary for
the matter to be remanded to the trial court for resolution. This trial court shall resolve the
factual issues as set out in Tex. Code Crim. Proc. art 11.07, § 3 (d), in that it may order
affidavits, depositions, or interrogatories from appellate counsel, or it may hold a hearing. 
In the appropriate case, the trial court may also rely on personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether appellate counsel timely informed Applicant that his conviction had been
affirmed and that he was entitled to file a pro se PDR. The trial court shall also make any
further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits, the transcription of the court reporter's notes
from any interrogatories or hearings held, along with the trial court's findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 3rd day of MAY, 2006.





 

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.